**WO**                                                                                                          BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joseph Emmanuel McCrae, | ) | No. CV 05-3389-PHX-NVW (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County Sheriff's Office, et al., | ) | |
| Defendants. | ) | |

This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate confined in the Maricopa County Fourth Avenue Jail in Phoenix, Arizona.[1]  The Court will dismiss the action with leave to amend.

**A.     Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted.  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order.  28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**JDDL-K**

amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

/ / /

/ / /

JDDL-K

- 2 -

1 **C.    Complaint.**

2   Plaintiff names as Defendants (1) Maricopa County Sheriff's Office,[2] and (2) Joseph
3 M. Arpaio, Sheriff of Maricopa County, alleging that he is the head of Maricopa County
4 Sheriff's Office, and the individual employees are under his "jurisdiction and rule." Plaintiff
5 argues that his constitutional right to privacy was violated because individuals could look at
6 him when he used the toilet. Plaintiff seeks monetary and other relief.

7 *1    Hart v. Hill*

8   Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-
9 EHC (D. Ariz.), claiming that the conditions of his confinement violated an Amended
10 Judgment in that action. Jurisdiction to enforce the judgment is retained by the court which
11 entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action
12 is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980,
13 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung,
14 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir.
15 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim
16 for damages because such orders do not create "rights, privileges, or immunities secured by
17 the Constitution and laws." Green, 788 F.3d at 1123-24.  Remedial decrees are the means
18 by which unconstitutional conditions are corrected but they do not create or enlarge
19 constitutional rights. Id. at 1123.  To the extent Plaintiff seeks to enforce Hart v. Hill, his
20 claim is not properly brought in this action.

21 *2.    Maricopa County Sheriff's Office*

22   The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the
23 responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.
24 See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative
25 creation of the county sheriff to allow him to carry out his statutory duties, and not a

26

---

27   [2] Plaintiff listed Maricopa County Sheriff's Office in the caption, but not as a named
28 Defendant. Out of abundance of caution, it will be assumed that Plaintiff seeks to name Maricopa
County Sheriff's Office as a Defendant.

JDDL-K                                                             - 3 -

1  "person" amenable to suit pursuant to § 1983.  Accordingly, the Maricopa County Sheriff's
2  Office will be dismissed from this action as an improper Defendant.

3  *3.     Defendant Arpaio*

4  Inmates have a "right to bodily privacy." Sepulveda v. Ramirez, 967 F.2d 1413, 1415
5  (9th Cir. 1992).  However, the state may restrict this right "to the extent necessary to further
6  the correctional system's legitimate goals and policies." Grummett v. Rushen, 779 F.2d 491,
7  493 (9th Cir. 1985).  Of significant importance in a jail is internal security.  Id.  The Plaintiff
8  "'bears the burden of pleading and proving the absence of legitimate correctional goals for
9  the conduct of which he complains.'" Bruce v. Ylst, 351 f.3d 1283, 1289 (9th Cir. 2003)
10 (citations omitted).  The jail has a reasonable penological interest in not providing bathroom
11 stalls or toilets with dividers for inmates due to security issues.  Plaintiff has not attempted
12 to allege the absence of a legitimate correctional goal.  Accordingly, Plaintiff's claim will be
13 dismissed without prejudice.

14 **D.     Leave to Amend.**

15 For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
16 a claim upon which relief may be granted.  Plaintiff may amend his Complaint to cure the
17 deficiencies outlined above.  The Clerk of Court will be directed to provide Plaintiff with a
18 Court-approved form for filing a civil rights complaint.  Plaintiff is advised that the amended
19 complaint must be retyped or rewritten in its entirety on the court-approved form and may
20 not incorporate any part of the original Complaint by reference.  Any amended complaint
21 submitted by Plaintiff should be clearly designated as such on the face of the document.

22 Plaintiff is also reminded that in an Amended Complaint, he may only include one
23 claim per count.  The "one claim per count" rule is set forth in the form Complaint and
24 accompanying instructions, and is a requirement imposed by the local rules of this Court.
25 See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the
26 form).

27 An amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
28 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. <u>Ferdik</u>, 963 F.2d at 1262. Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

**E.     Address Changes.**

In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he must file a notice of change of address if his address changes. Plaintiff is again reminded that at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Plaintiff shall serve a copy of the Notice of Change of Address on all opposing parties. The notice shall contain only information pertaining to the change of address and its effective date, and shall not include a motion for other relief. Failure to timely file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**F.     Warning of Possible Dismissal.**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action will be dismissed without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61(district court may dismiss action for failure to comply with any order of the Court). Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act. <u>See</u> 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED that:**

(1)   Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2)   Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed no initial partial filing fee. All fees shall be collected and paid in

accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) The Complaint is **dismissed** for failure to state a claim. Plaintiff shall have **30 days** from the date this Order is filed to file an Amended Complaint in compliance with this Order.

(4) The Clerk of Court shall enter a judgment of dismissal of this action with prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days of the date this Order is filed. Upon entry of judgment, the Clerk shall make an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g).

(5) Aside from the two copies of the petition or amended petition that must be submitted pursuant to LRCiv 3.5(a), a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See LRCiv 5.4. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(6) The Clerk of Court is directed to provide to Plaintiff a current court-approved form for filing a civil rights complaint by a prisoner.

DATED this 31st day of October, 2005.

_____
Neil V. Wake
United States District Judge

JDDL-K

- 6 -